UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JAMES PANGBORN,<br><br>  Plaintiff,<br><br>  v.<br><br>CDCR, et al.,<br><br>  Defendants. | No. 2:22-cv-1998 DAD KJN P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se. Defendants California Department of Corrections ("CDCR"), J. Lynch, P. Hess, L. Hightower, J. Orellana, and C. Bechtold removed this action from the Sacramento County Superior Court and paid this court's filing fee. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Because plaintiff alleges violations of the First Amendment of the U.S. Constitution, the action was properly removed. Defendants' request that the court screen plaintiff's complaint is granted.

As discussed below, plaintiff's complaint is dismissed with leave to amend.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally

////

1

1  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
2  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).
3         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
5  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
6  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
7  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
8  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
9  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
10 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
11 meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
12 1227.
13        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
14 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
15 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
16 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
17 In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
18 formulaic recitation of the elements of a cause of action;" it must contain factual allegations
19 sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.
20 However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the
21 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.
22 Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal
23 quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as
24 true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the
25 pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236
26 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).
27 ////
28 ////

The Civil Rights Act

To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). In sum, plaintiff must identify the particular person or persons who violated his rights and set forth specific factual allegations as to how such person violated plaintiff's rights.

Plaintiff's Complaint

Plaintiff alleges multiple violations of his rights: retaliation, hindrance of litigation, denial of access to the courts, and opening and taking plaintiff's legal mail, in violation of the First Amendment, and sets forth causes of action for general negligence and intentional tort. Plaintiff alleges such violations took place between January 1, 2022, and July 31, 2022, at California State Prison - Sacramento ("CSP-SAC"). Plaintiff's allegations are filed on a state court form, and his federal claims are included within his state law tort causes of action.

Specifically, in his first cause of action for intentional tort, plaintiff alleges P. Hess, mailroom supervisor, knowingly, purposely, and in retaliation for plaintiff filing civil suits and on behalf of the other defendants opened plaintiff's legal mail and purposely did not process it as legal mail in violation of Title 15; removed and destroyed enclosed motions, notices and orders causing plaintiff's case to be dismissed which both Hightower and Orellana moved to have done after Hess allegedly destroyed the documents. Hess then falsified documents claiming the court sent the mail unsealed. Hess again opened plaintiff's mail from the U.S. Tax Court which was labeled confidential, and Hess again failed to properly process the mail and again removed and

destroyed legal documents which hindered plaintiff's litigation and precluded plaintiff from properly responding. Then Hightower and Orellana both knowingly denied plaintiff access to the courts and hindered his litigation by not allowing plaintiff to attend his trials in person or by Zoom, which they did out of retaliation on behalf of the defendants to help them get the cases dismissed. Plaintiff has been denied an Olsen review preventing him from obtaining complete copies of his 602 appeals. Plaintiff alleges that defendant Bechtold purposely and knowingly, and on behalf of the other defendants, and in retaliation against plaintiff, kept plaintiff away from his legal property so that plaintiff could not access the courts and to hinder his litigation. Defendant Lynch refused to let plaintiff go to the canteen to buy stamps and paper and denied plaintiff indigent postage, so plaintiff was unable to file and mail motions and notices which the CCII's used to get the cases dismissed. (ECF No. 1 at 9.)

In his second cause of action, "general negligence," plaintiff reiterates his allegations from the first cause of action. Plaintiff adds that defendants "hindered plaintiff's grievances (due process)" and defendant Lynch "ordered & allowed the defendants to do all of this to plaintiff and did not try to prevent or stop it, making him liable under supervisor liability." (ECF No. 1 at 10.)

Plaintiff provides a declaration in which he states that all of these actions were taken to cover up their misconduct and to get plaintiff's cases dismissed so they would not be held liable.

Plaintiff seeks money damages.

Discussion

Eleventh Amendment

First, plaintiff named the CDCR as one of the defendants. The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978)( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). In the instant case, the State of California has not consented to suit. Accordingly, plaintiff's claims against the CDCR are legally frivolous and must be dismissed.

////

////

4

Due Process

The Due Process Clause protects plaintiff against the deprivation of liberty without due process under the law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). However, there is no stand-alone due process claim for the prison grievance process itself. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). A prison official's denial of a grievance does not itself violate the constitution. Evans v. Skolnik, 637 F. App'x 285, 288 (9th Cir. 2015). Thus, the denial or handling of plaintiff's grievances cannot constitute a due process violation. See, e.g., Bradway v. Rao, 2020 WL 8919180, at *1 (E.D. Cal. July 15, 2020); Daniels v. Aguillera, 2018 WL 1763311 (E.D. Cal. Apr. 12, 2018) ("Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process prison grievances."); Wright v. Shannon, 2010 WL 445203, at *5 (E.D. Cal. 2010).

Improper Joinder of Distinct Claims

Generally, a lawsuit is a single claim against a single defendant. Rule 18(a) of the Federal Rules of Civil Procedure allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. Id. Rule 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Here, the complaint sets forth at least five separate incidents, two of which involve defendant Hess in his role as mailroom supervisor, and the remaining claims, concerning the refusal to allow plaintiff to attend hearings, the deprivation of access to his legal materials, and the deprivation of stamps, indigent postage, and paper, involved different defendants and apparently took place at different times between January and July of 2022.

Plaintiff attempts to join all of these claims on the grounds that each defendant retaliated against plaintiff because of his litigation activity, thus constituting a "nexus," but such attempt fails as presently pled. Conclusory allegations of retaliation are insufficient to state a claim for

retaliation. See Williams v. Wood, 223 F. App'x 670, 671 (9th Cir. 2007) (affirming dismissal of conclusory allegations of retaliatory transfer "because these claims lacked factual support demonstrating a causal link between the civil actions [plaintiff] has filed and the denial of a transfer"); Wise v. Washington State Dep't of Corrs., 244 F. App'x 106, 108 (9th Cir. 2007), cert. denied, 552 U.S. 1282 (2008) (finding plaintiff's conclusory allegations of retaliation insufficient "without supporting facts connecting the defendants to his litigation activities"); Stine v. Bureau of Prisons, 2018 WL 2771332, at *6 (E.D. Cal. June 7, 2018) (finding plaintiff's generalized assertion regarding retaliation insufficient to demonstrate each named defendant retaliated against plaintiff for his protected conduct).  Plaintiff's conclusory statements that a defendant acted on behalf of other defendants, without more, is insufficient to demonstrate retaliatory motive among multiple defendants as to disparate incidents.

Further, even if each incident of retaliation was based on the same alleged protected conduct, each incident does not arise out of the same "transaction, occurrence, or series of transactions" and is, therefore, improperly joined under Rule 20.  See Hollis v. Gonzalez, 2010 WL 2555781, at *6 (E.D. Cal. June 18, 2010), report and recommendation adopted, 2010 WL 3153963 (E.D. Cal. Aug. 9, 2010) (dismissing unrelated claims of retaliation for "grievance activity" against different prison staff members as improperly joined).

Unless plaintiff can set forth specific facts demonstrating that the alleged retaliatory conduct arose from the same transaction, occurrence, or series of transactions, and that such conduct was motivated by and taken because of plaintiff's specific protected conduct, he must bring his unrelated claims in separate lawsuits.

Retaliation

As discussed above, plaintiff alleges, in vague and conclusory terms, that all of the defendants' actions were taken in retaliation for plaintiff's protected litigation and grievance-filing conduct.  Plaintiff is advised of the following standards that govern retaliation claims.

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  A viable retaliation claim in the

prison context has five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

The Ninth Circuit has found that preserving institutional order, discipline and security are legitimate penological goals which, if they provide the motivation for an official act taken, will defeat a claim of retaliation. Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985) ("Challenges to restrictions of first amendment rights must be analyzed in terms of the legitimate policies and goals of the correctional institution in the preservation of internal order and discipline, maintenance of institutional security, and rehabilitation of prisoners."). Thus, the burden is on plaintiff to allege and demonstrate that legitimate correctional purposes did not motivate the actions by prison officials about which he complains. See Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("[Plaintiff] must show that there were no legitimate correctional purposes motivating the actions he complains of.").

If plaintiff intends to assert a retaliation claim, he must specifically identify the protected conduct at issue, name the defendant who took adverse action against him, and plead that the allegedly adverse action[1] was taken "because of" plaintiff's protected conduct.[2] The plaintiff's protected conduct must have been "the 'substantial' or 'motivating' factor behind the defendant's conduct." Brodheim, 584 F.3d at 1271, quoting Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). In addition, there must be probative evidence to establish a crucial link in the logical chain required to support retaliation; timing alone is insufficient. Pratt, 65 F.3d at 807-

---

[1] For purposes of evaluating a retaliation claim, an adverse action is action that "could chill a person of ordinary firmness from continuing to engage in the protected activity[ ]." Pinard v. Clatskanie School Dist., 467 F.3d 755, 770 (9th Cir. 2006). See also White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000).

[2] Prisoners have a constitutional right to file prison grievances and pursue civil rights litigation in the courts. See Rhodes, 408 F.3d at 567. Prison officials may not retaliate against prisoners for exercising these rights. Id. at 568; see also Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997).

08. Plaintiff is also required to show that the exercise of his First Amendment rights was chilled, although not necessarily silenced, by the alleged retaliatory conduct. See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000) (plaintiff promptly contested the charge against him and won); see also Rhodes, 408 F.3d at 569.

### Access to Courts

Plaintiff's claims that defendants denied or hindered his access to the courts by depriving him of postage and paper, denying him access to his legal materials, and refused to allow him to attend hearings in violation of the First Amendment.

Prisoners have a constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343 (1996). Prisoners also have a right "to litigate claims challenging their sentences or the conditions of their confinement to conclusion without active interference by prison officials." Silva v. Di Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011) ("We have recognized that prisoners' First and Fourteenth Amendment rights to access the courts without undue interference extend beyond the pleading stages"), abrogated on other grounds as recognized in Richey v. Dahne, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015).

An inmate alleging a violation of this right must show that he suffered an actual injury. Lewis, 518 U.S. at 349-51. That is, plaintiff must allege that the deprivation actually injured his litigation efforts, in that the defendant hindered his efforts to bring, or caused him to lose, an actionable claim challenging his criminal sentence or conditions of confinement. See id. at 351; Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). The right is limited to the filing of direct criminal appeals, habeas petitions, and civil rights actions. Lewis, 518 U.S. at 354-55. Because actual injury is a jurisdictional requirement that may not be waived, an actual injury must be sufficiently alleged in order to state a claim for relief. Nevada Dept. of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011), cert. denied, 132 S. Ct. 1823 (2012).

Here, plaintiff's First Amendment claims alleging hindrance or denial of access to the courts are too conclusory for the court to determine whether plaintiff can state cognizable claims. He alleges "cases were dismissed," but he fails to identify such cases with sufficient particularity for the court to evaluate the elements of an access to the courts claim. As noted, plaintiff must

specifically identify an actual injury. Plaintiff's access to the courts claims are dismissed with leave to amend.

### Tampering With Legal Mail

Plaintiff alleges that on two occasions defendant Hess tampered with plaintiff's legal mail.

Prison inmates retain a First Amendment right to send and receive mail. Thornburgh v. Abbott, 490 U.S. 401, 407 (1989) (citing Turner v. Safley, 482 U.S. 78, 85 (1987)). As a general rule, a prison may adopt regulations that impinge on a prisoner's constitutional rights if the regulations are reasonably related to legitimate penological interests. Turner, 482 U.S. at 89. For example, prison officials may not review outgoing legal mail for legal sufficiency before sending the mail to the court. See Ex Parte Hull, 312 U.S. 546, 549 (1941). However, prison officials may require that mail from attorneys be identified as such and open such mail in the presence of the prisoner for visual inspection. See Sherman v. MacDougall, 656 F.2d 527, 528 (9th Cir. 1981).

Whether incoming legal mail may be opened outside the inmate's presence is an open question in the Ninth Circuit. See Sherman, 656 F.2d at 528; cf. Mann v. Adams, 846 F.2d 589, 590-91 (9th Cir. 1988) (per curiam) (concluding mail from public agencies, public officials, civil rights groups, and news media may be opened outside the prisoner's presence in light of security concerns). In Sherman, the Ninth Circuit found "[t]he law in at least three circuits is that mail from attorneys may not be opened out of the presence of the addressee." 656 F.2d at 528. The Ninth Circuit stated it has "not yet decided the issue." Id. However, the Ninth Circuit has held an isolated instance or occasional opening of legal mail outside an inmate's presence does not rise to the level of a constitutional violation. See Stevenson v. Koskey, 877 F.2d 1435, 1441 (9th Cir. 1989).

Prisoners also have a Sixth Amendment right to communicate privately with their criminal counsel. See Mangiaracina v. Penzone, 849 F.3d 1191, 1195-97 (9th Cir. 2017), and cases cited therein. Significantly, "[m]ail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail." Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996); Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1211 (9th Cir. 2017) (Mail to or from the courts is not "legal mail" entitled to

constitutional protection.)

Here, plaintiff does not identify the source of the first piece of "legal mail" he claims defendant Hess tampered with. In an appended grievance, plaintiff claimed that on February 22, 2022, he received an envelope from the Los Angeles County Superior Court, but the contents were missing. (ECF No. 1 at 16.) But if this is the letter to which plaintiff refers in his complaint, such letter is not "legal mail" because it came from the court. Similarly, the second piece of mail came from the U.S. Tax Court. Although plaintiff claims it was marked "confidential," it was not sent by plaintiff's criminal lawyer or another lawyer representing plaintiff. Thus, such letter does not constitute "legal mail" as defined above.

In addition, plaintiff contends defendant Hess' actions violated Title 15.[3] However, the violation of state regulations does not support liability under § 1983, which provides remedies for violations of federal law only. See Cousins v. Lockyer, 568 F.3d 1063, 1070-71 (9th Cir. 2009) ("[S]tate departmental regulations do not establish a federal constitutional violation."); Spears v. Benton, 2022 WL 7099718, at *4 (E.D. Cal. Oct. 12, 2022) (same), report and recommendation adopted, 2022 WL 17067616 (E.D. Cal. Nov. 17, 2022).

In an abundance of caution, plaintiff's legal mail claims are dismissed with leave to amend.

State Law Claims

Plaintiff purports to raise claims of intentional tort and negligence under California state law.

The Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues.[4] Cal. Gov't Code §§ 905.2, 910,

---

[3] Cal. Code Regs. tit. 15, § 3141(c)(5) provides: "Confidential Correspondence: . . . (c) Persons and employees of persons with whom inmates may correspond confidentially and from whom inmates may receive confidential correspondence include: ¶ . . . (5) All state and federal judges and courts." Id.

[4] Formerly known as the California Tort Claims Act. City of Stockton v. Superior Court, 42 Cal.4th 730, 741-42, 68 Cal.Rptr.3d 295, 171 P.3d 20 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

911.2, 945.4, 950, 950.2 (2011). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208-09, 64 Cal.Rptr.3d 210 (Cal. 2007). To state a tort claim against a public employee, a plaintiff must allege compliance with the Government Claims Act. Shirk, 42 Cal.4th at 209, 64 Cal.Rptr.3d 210; Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).

A cause of action against a public employee for injury resulting from an act or omission in the scope of employment is barred if an action against the employing public entity would have been barred because of the plaintiff's failure to present a written claim or failure to commence the action within the time specified in Government Code section 945.6. Cal. Gov. Code § 950.2.

Once rejected, the suit must be commenced within six months "after the date such notice is personally delivered or deposited in the mail." Cal. Gov. Code § 945.6, subd. (a)(1). "The plain meaning of section 945.6, subdivision (a)(1), is that the statute of limitations therein begins to run when the written rejection notice is deposited in the mail to the claimant, or is personally delivered, but not when it is delivered by the postal employee after having been deposited in the mail pursuant to section 913." Edington v. County of San Diego, 118 Cal. App.3d 39, 46, 173 Cal. Rptr. 225 (1981). Even substantial compliance with this requirement does not excuse the late filing of the government claim. Hunter v. Los Angeles County, 262 Cal. App.2d 820, 822, 69 Cal. Rptr. 288 (1968). The six-month statute of limitations cannot be extended by any provision outside of the Act. Martell v. Antelope Valley Hosp. Medical Center, 67 Cal. App.4th 978, 982, 79 Cal. Rptr.2d 329 (1998). Compliance with the claims statutes is mandatory. Farrell v. County of Placer, 23 Cal.2d 624, 630, 145 P.2d 570 (1944).

Here, plaintiff includes no facts demonstrating he timely submitted a written tort claim. Thus, plaintiff's state claims fail to state a claim. Plaintiff is granted leave to amend to include such claims provided he can demonstrate compliance with the Government Claims Act.

Leave to Amend

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is legally frivolous or fails to state a claim for relief. The court determines that the complaint does not contain a short and plain statement as

1  required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy,
2  a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones
3  v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least
4  some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.
5  Id.  Because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the
6  complaint must be dismissed.  However, the court grants leave to file an amended complaint.

       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Goode, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  As discussed above, the claims alleged in the amended complaint must be related.[5]  Fed. R. Civ. P. 20(a)(2).

       A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them.  See Lopez, 203 F.3d at 1130-31.  While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft, 556 U.S. at 678 (citing Bell Atlantic, 550 U.S.

---

[5] A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George, 507 F.3d at 607.

12

at 555). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft</u>, 556 U.S. at 678 (quoting <u>Bell Atlantic Corp.</u>, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

<u>Ashcroft</u>, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. <u>Id.</u> at 1950.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See <u>Ramirez v. County of San Bernardino</u>, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff should use the court's form civil rights complaint to amend his complaint.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants' request (ECF No. 3) is granted.

2. Plaintiff's complaint is dismissed.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case, must be labeled "Amended Complaint," and should be filed on the court's form complaint.

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

4. The Clerk of the Court shall send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated: April 13, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/pang1998.14n

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PANGBORN,<br><br>            Plaintiff,<br><br>     v.<br><br>CDCR, et al.,<br><br>            Defendants. | No. 2:22-cv-1998 DAD KJN P<br><br>NOTICE OF AMENDMENT |

   Plaintiff hereby submits the following document in compliance with the court's order filed_____.

_____        Amended Complaint
DATED:

                                        _____
                                        Plaintiff