UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PANGBORN,<br><br>    Plaintiff,<br><br>  v.<br><br>CDCR, et al.,<br><br>    Defendants. | No. 2:22-cv-1998 DAD KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se. By separate order, plaintiff's complaint was dismissed, and plaintiff was granted leave to file an amended complaint. On December 12, 2022, plaintiff filed a motion requesting that the court order defendants and Correctional Officer Sweeny to give plaintiff access to his legal property and the extension cord needed for his typewriter to work on his legal cases. (ECF No. 7 at 2.) The court construes plaintiff's motion as a motion for preliminary injunction and denies the motion without prejudice.

Governing Standards

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citations omitted); Epona v. Cty. of Ventura, 876 F.3d 1214, 1227 (9th Cir. 2017). "The sole purpose of a preliminary injunction is to 'preserve the status quo ante litem pending a determination of the action on the merits.'" Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1023 (9th Cir. 2009) (citing L.A.

Memorial Coliseum Comm'n v. NFL, 634 F.2d 1197, 1200 (9th Cir. 1980).)  The party seeking a preliminary injunction must establish that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter, 555 U.S. at 20 (citations omitted); Am. Trucking Associations, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); Fed. R. Civ. P. 65 (governing both temporary restraining orders and preliminary injunctions).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy.  City of L.A. v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Lyons, 461 U.S. at 102.  The pendency of this action does not give the Court jurisdiction over prison officials in general.  Summers v. Earth Island Inst., 555 U.S. 488, 491-93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010).  The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding.  Summers, 555 U.S. at 491-93; Mayfield, 599 F.3d at 969.  An injunction against individuals who are not parties to the action is strongly disfavored.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in which he is not designated as a party. . . . ").  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."  Id.

Finally, the propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature.  Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988); see also Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011).  Speculative injury does not constitute irreparable harm.  See id.;

Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984).  A presently existing actual threat must be shown, although the injury need not be certain to occur.  Zenith Radio Corp., 395 U.S. at 130-31; FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997), cert. denied, 523 U.S. 1020 (1998).

Discussion

  Plaintiff has not met the requirements for the injunctive relief sought in this motion.  First, Correctional Officer Sweeny, who plaintiff identifies as the officer who refused to bring plaintiff's legal materials, was not named as a defendant in plaintiff's now-dismissed complaint. Zenith, 395 U.S. at 110.  Second, because plaintiff's complaint was dismissed, the court is unable to determine whether he is likely to prevail on the merits; indeed, at this juncture, it is unclear whether plaintiff can state potentially cognizable civil rights claims.  Third, no defendant has been ordered served, and no defendant has yet made an appearance. Thus, the Court at this time lacks personal jurisdiction over any employees at plaintiff's current institution, and cannot issue an order requiring them to take, or forbid them from taking, any action.  In addition, at the time plaintiff filed his motion, he was not facing a court deadline in this action.  It is unclear whether plaintiff has now obtained access to his legal property.

  Finally, plaintiff's motion makes no showing that he will suffer irreparable harm in the absence of an injunction, that the balance of equities tips in his favor, or that an injunction is in the public interest.  Plaintiff was recently granted thirty days in which to file an amended complaint, and if plaintiff continues to experience difficulties accessing his legal property, he may file a motion explaining his situation and ask for an extension of this deadline.  It does not appear that filing a further motion seeking a court order against various prison officials to grant him access to his property is the appropriate avenue for the relief plaintiff seeks.

  For all of the above reasons, plaintiff's motion is denied without prejudice.

  Accordingly, IT IS HEREBY ORDERED that plaintiff's motion (ECF No. 7) is denied without prejudice.

Dated:  April 14, 2023

pang1998.pi.fb

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE